877 F.2d 5
 COAL RESOURCES, INC., NO. 11 Coal and Construction, Inc. and
Green Mountain Coal Company, Plaintiffs-Appellees,
Cross-Appellants,
v.
GULF & WESTERN INDUSTRIES, INC., Virginia Met Coal Company,
Inc., Jersey Kentucky Coal Company, Inc. and New
Jersey Zinc Company,
Defendants-Appellants, Cross-Appellees.
 Nos. 86-3824, 86-3825.
 United States Court of Appeals,
Sixth Circuit.
 May 31, 1989.
 
 Prior report; 6th Civ., 865 F.2d 761.ORDER
 Before KENNEDY, RYAN and BOGGS, Circuit Judges.
 
 
 1
 The Court having received a petition for rehearing and rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this Court, and no judge of this Court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 2
 Appellee has requested rehearing on the grounds that the majority of the panel misapprehended that the determinative requirements of the leases required lessees, and G & W, through the assumption agreement to "work and develop the leased premises ... in the most diligent, effectual and workmanlike and proper manner, according to the approved and most suitable methods of modern mining." That is not, however, what the leases state. Rather they provide:
 
 
 3
 (a) The Lessee shall forthwith commence operations, and will continue from and after the commencing of operations hereunder, to work and develop the leased premises in a substantial and workmanlike manner with drifts, tunnels, slopes and other improvements and buildings necessary to mine and prepare the leased coal, and the Lessee shall work and mine the leased workable and merchantable coal in all the workable seams, except as herein provided, in the most diligent, effectual, workmanlike and proper manner, according to the approved and most suitable methods of modern mining, including strip and auger mining, in use in the district and in Wise County, Virginia, and will leave no leased workable and merchantable coal abandoned or neglected that can by such working be taken out, and will comply in every respect with existing or future laws of the United States, and the Commonwealth of Virginia, regulating the proper working of coal mines and looking to the safety of persons employed therein.
 
 
 4
 The Court did err however on page 18 of the slip opinion [865 F.2d at 771] in stating the leases did not require the most diligent mining. It intended to state that the leases did not require the most diligent development of the leased properties. The last sentence of the first full paragraph on page 18 [865 F.2d 771, 2d col., last par., line 11] is amended to read
 
 
 5
 Although it was plaintiff's contention, as stated in the court's instructions to the jury, that defendant "breached its contract obligation by ... failing to mine the Virginia leasehold in the most diligent, effectual ... manner," neither the assumption agreement nor the leases required the "most" diligent development of the leased premises.
 
 
 6
 The panel has further reviewed the petition for rehearing and rehearing en banc and concludes that the other issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.[1]
 
 
 
 [1]
 Judge Ryan would grant the petition for rehearing en banc for the reasons stated in his dissent